**LAW OFFICES OF KENNETH L. BAUM LLC**
167 Main Street
Hackensack, New Jersey 07601
(201) 853-3030
(201) 584-0297 Facsimile
Kenneth L. Baum, Esq.
Attorneys for Educational Credit Management Corporation

| | |
|---|---|
| In re:<br><br>JAMES AND DENISE BOLEN,<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. MICHAEL B. KAPLAN<br>CASE NO. 19-31402 (MBK)<br><br>CHAPTER 13<br><br>**OBJECTION OF EDUCATIONAL CREDIT MANAGEMENT CORPORATION TO DEBTORS' MOTIONS TO EXPUNGE CLAIMS NOS. 5 AND 6**<br><br>**HEARING DATE: MAY 12, 2021** |

Educational Credit Management Corporation ("ECMC"), by and through its attorneys, Law Offices of Kenneth L. Baum LLC, objecting to the motions (the "Motions") of James and Denise Bolen (together, the "Debtors") to expunge Claim No. 5 [Dkt. No. 66] and Claim No. 6 [Dkt. No. 67], states as follows:

## BACKGROUND

1. ECMC was created under the direction of the United States Department of Education to provide specialized guarantor services pursuant to the Federal Family Education Loan Program ("FFELP"), including accepting transfer of title of certain student loan accounts on which the student loan borrower has filed a bankruptcy proceeding. ECMC is a not-for-profit corporation duly organized under the laws of the State of Minnesota.

2. Among the claims filed in the Debtors' Chapter 13 case are Claim No. 5, which was filed by EFS/PHEAA, a student loan creditor, on November 26, 2019, in the amount of $17,421.64; and Claim No. 6, which was filed by Navient Trust 2016-3, another student loan creditor, on November 26, 2019, in the amount of $34,536.30.

3. By Transfer of Claim Other Than for Security filed on March 25, 2020 [Dkt. No. 28], EFS/PHEAA transferred Claim No. 5 to ECMC. A corresponding Notice of Transfer of Claim Other Than for Security was filed on March 26, 2020 [Dkt. No. 31].

4. In addition, by Transfer of Claim Other Than for Security filed on March 25, 2020 [Dkt. No. 27], Navient Trust 2016-3 transferred Claim No. 6 to ECMC. A corresponding Notice of Transfer of Claim Other Than for Security was filed on March 26, 2020 [Dkt. No. 30].

5. Through the Motions, the Debtors seek to expunge Claims Nos. 5 and 6. Despite the fact that the transfer of those claims to ECMC was memorialized in documents filed more than a year ago, however, the Debtors failed to serve ECMC with notice of the Motions. Indeed, the Debtors' Certification of Service [Dkt. No. 68] states that the motion to expunge Claim No. 5 was served on EFS C/O PHEAA, Attn: Managing Agent/President, at PO Box 8147, Harrisburg,

PA 17105, and not on ECMC, the proper party-in-interest, at the address listed in the documents memorializing the claims transfers.[1]

6.  Because ECMC has not received due process in connection with the Motions, the Motions should be denied, or, alternatively, the hearing date should be adjourned to afford ECMC the proper opportunity to respond to the Motions on a substantive basis, for which ECMC reserves all its rights.

7.  Accordingly, for the foregoing reasons, the Court should deny the Motions.

WHEREFORE, ECMC respectfully requests that the Court enter an order denying the Motions and for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        LAW OFFICES OF KENNETH L. BAUM LLC
        Attorneys for Educational
        Credit Management Corporation

        By:   */s/ Kenneth L. Baum*
             Kenneth L. Baum

DATED: May 11, 2021

---

[1] The Debtors did not file a Certificate of Service in connection with their motion to expunge Claim No. 6, nor was ECMC served with a copy of that motion.