# THE LAW OFFICE OF EDWARD HANRATTY

**Edward Hanratty, Esq.**  80 Court Street
 Admitted in NJ,PA,WV  Freehold, NJ 07728
  Tel:732-866-6655
**www.centralnewjerseybankruptcylawyer.com**  Fax: 732-734-0651

June 7, 2021

Hon. Michael B. Kaplan, U.S.B.J.
United States Bankruptcy Court
Hon. Clarkson S. Fisher, Sr. Federal Building
402 East State Street
Trenton, NJ 08608
*Via: Electronic Court Filing*

  Re: James & Denise Bolen
  Docket No.: 19-31402-MBK
  Reply to Motion to Fix Proof of Claim 5 & 6

Your Honor,

Please accept this letter in lieu of a more formal reply to the creditors' response to debtors' objection to claims five (5) and six (6) in the above matter.

The creditor asserts that it is disingenuous of the debtor to list a debt in its schedules but object to it in the claims process. That objection goes to the core issue of debtors' objection- is this the proper creditor? The documents submitted in support of the claim by the creditor indicate three (3) entities, ECMC, PHEAA, EFS and AES are all somehow involved with the claim. Agreed that PHEAA properly filed an assignment of debt to ECMC, but the notes submitted do not reflect that PHEAA had any relationship to the debt. AES is noted as the "guarantor, program or lender" on each note the creditor submits to support its claim. Not

PHEAA, not ECMC. The lender names indicated are Wachovia and Bank of America. There is no evidence of any relationship between PHEAA or ECMC and these lenders. The claim forms themselves indicate the current creditor is "EFS" which is not mentioned anywhere else in the documents supporting the claim.

In analyzing objections to proofs of claim, bankruptcy courts must consider two primary sources: the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. Section 502(a) of the Code provides that a proof of claim "is deemed allowed, unless a party in interest... objects." 11 U.S.C. §502(a). In this Circuit, the Court of Appeals has held that a proof of claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the prima facie validity of the filed claim. In re Allegheny hit'l. Lie, 954 F.2d 167, 173-74 (3d Cir. 1992). The principle expressed in Allegheny Int'l is rooted in past practice under the former Bankruptcy Act. ^ presumption of validity. *See generally* Collier on Bankruptcy ¶ 3001.09[2] (16th ed. 2019).

Fed. R. Bankr. P. 3001(f) addresses the same subject as Allegheny Int'l, i.e., which party has the burden of going forward at a hearing on an objection to a proof of claim. Rule 3001(f) provides: A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim. If a claimant complies with rules of court and its proof of claim achieves prima facie evidentiary status through Rule 3001(f), the burden of going forward with evidence contesting the validity or amount of the claim shifts to the objector." Rule 3001(f), too, can be traced to the former Bankruptcy Act.'

Rule 3001(a) requires that the proof of claim "conform substantially to the appropriate Official Form," which is Official Form No. 10. Rule 3001(b) requires that the proof of claim be

executed by the creditor or the creditor's authorized agent. Rule 3001(c) provides that if a claim is "based on a writing," a copy of the writing be attached to the proof of claim unless it has been lost or destroyed, in which case a statement of the "circumstances of the loss or destruction" must be filed with the claim. Rule 3001(d) provides that if the claimant asserts that it holds a security interest in property of the debtor, the proof of claim "shall be accompanied by evidence that the security interest has been perfected." Rule 3001(e) addresses certain obligations of holders of claims that were transferred to the holder.

Courts agree that a credit card agreement is based upon a writing and therefore, to comply with Rule 3001(c), the claimant also must file the "writing" on which the claim is "based." E^, In re Curry, 425 B.R. 841, 846 (Bankr. D. Kan. 2010); In re Armstrong, 320 B.R. 97, 104 (Bankr. N.D. Tex. 2005) Goint opinion of Felsenthal, Houser and Hale, JJ.). One court observed that the language of Rule 3001(c) "could not be more clear -creditors must attach documents (or copies thereof) to their proof of claim or explain why they have not." In re Gilbreath, 395 B.R. 356, 362 (Bankr. S.D. Tex. 2008).

In re Kincaid, 388 B.R. 610 (Bankr. E.D. Pa. 2008). In Kincaid, Judge Sigmund reasoned: [Under Rule 3001(c),] there must be some documentation that evidences that [an assignee-claimant] has the right to assert a claim for the credit card debt for the presumption to apply. Claimants respond by arguing that Bankruptcy Rule 3001(e)'° simply obviates this showing. Their rationale is that since assignment documents are expressly required when an assignment occurs after the filing of the proof of claim and are not required as here when the transfer occurs before the claim is filed, it follows that no evidence of the assignment need be attached to the proof of claim. The Claimants cite cases that have so held. I agree that some courts have found this argument persuasive. I respectfully disagree, aligning myself with those

courts that view Rule 3001(e)(3) as merely establishing who is entitled to file a proof of claim and not what evidence is necessary to prove its ownership. It is counterintuitive to conclude that an assignee has less of a burden to establish its claim than a direct creditor. Rule 3001(e)(3) has a purpose separate and apart from the establishment of a claim. It is intended to make clear that disputed prepetition claim transfers are not an issue for the court's concern. That is not the point of requiring evidence of ownership for claims allowance. By demanding the identification of the owner of a claim to ensure that Debtor has an obligation to pay that creditor and, in exchange, will receive a discharge of its debt. Debtor is not seeking to challenge the transfer but merely to confirm that one has taken place. Kincaid, 388 B.R. at 616-17 (emphasis added) (citations and footnotes omitted); accord In re Samson, 392 B.R. 724, 732 (Bankr. N.D. Ohio 2008) (assignee "must still match the evidentiary requirements of Bankruptcy Rule 3001 which [the assignor] would have faced").

    To satisfy Rule 3001(c) and obtain prima facie evidentiary status under Rule 3001(f), an assignee filing a proof of claim must attach the written assignment or set forth a summary of the document.

    In this case, there is an assignment from PHEAA to ECMC but no indication of how PHEA acquired its rights, if it did, from Wachovia, Bank of America, or AES.  The objection should be allowed because there is no showing of how EFS, the designated payee on the claim, is related to any of the above entities, and the relationship between the indicated entities is unclear at best.

                                   Very yours truly,

                                   **/s/ Edward Hanratty**
                                 EDWARD HANRATTY, ESQ.
                                 For the firm